BOUTALL, Judge,
concurring.
I concur in the reversal of judgment against Royal Globe Insurance Company in result only. For the reasons given by the trial judge I would hold that the lease was valid. However, the exclusionary clause at issue goes beyond that determination. It provides:
“(o) under Coverage D, to loss to the entire vehicle or any part thereof, due to conversion, embezzlement or secretion by any person in lawful possession of the automobile.”
The question is was Young “in lawful possession”? Young’s residence address was noted on the lease as 5922 Airline Highway, Metairie, which was shown to be a vacant lot, obviously a false address. At the time of the lease, June 6, 1975, R.S. 14:220 provided that a person who in leasing a motor vehicle obtained possession by means of a false representation as to his residence committed a misdemeanor. If Young gave that address, then his possession was unlawful and illegal. If the false address was due to another reason, such as *557 incorrect entry by Mrs. Tucker, his possession was lawful.
In resolving this issue the trial judge held that it was not proven at trial that the address was copied correctly from Young’s driver’s license. My view is that the burden of proof was upon the insurer to show the facts supporting the application of the exclusion of policy coverage. It was not the obligation of the plaintiff to prove that the address on the lease was copied correctly from Young’s driver’s license. Instead, upon the plaintiff showing that the address on the lease was in fact false, it was the duty of the insurer to show that Young had given a correct address. Under' this proposition the judge should have found in favor of plaintiff.
In short, the insurer is required to show lawful possession. The plaintiff is not required to show unlawful possession.
Additionally, it should be noted that on motion for new trial, plaintiff sought to offer the State’s copy of Young’s license, which showed the address to be in fact 5922 Airline Highway as written on the lease.
Accordingly, I concur in result of the reversal.